### HOOVER v. STATE ex rel. SELBY, Co. Atty.

No. 9143—Opinion Filed Dec. 3, 1918.

(176 Pac. 889.)

**Nuisance—Public Dance Hall—Injunction— Evidence.**

The evidence in this case carefully considered, and the great weight thereof found to sustain the judgment of the court abating the nuisance complained of and enjoining its continuance.

(Syllabus by Hooker, C.)

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action for injunction by the State of Oklahoma, on relation of Chas. B. Selby, County Attorney of Oklahoma County, Oklahoma, against T. A. Hoover. Judgment for plaintiff awarding a permanent injunction, and defendant brings error. Modified and affirmed.

See, also, 73 Okla. 112, 175 Pac. 117.

Warren K. Snyder, for plaintiff in error.

Charles B. Selby, for defendant in error.

Opinion by HOOKER, C. This action was instituted by the county attorney of Oklahoma county to restrain the plaintiff in error from conducting a public dance hall in Oklahoma City.

The trial court heard the evidence and granted a permanent injunction against the plaintiff in error, from which he has appealed here. He urges that the judgment of the court is reasonably against the weight of the evidence. We do not think so. This record discloses a condition which should not be tolerated in any community.

At this dance hall men and women, boys and girls, some of whom were of tender years, were encouraged to commingle. No restrictions were placed upon the character of the patrons, the only limitation being the ability to pay the admission price. Pimps, prostitutes and libertines were all allowed the privilege of the hall and permitted to associate and dance with the others there assembled. Vulgar and suggestive dances were voluntarily engaged in by the frequenters of this place, and the conduct and character of those who assembled were such that Mr. Hoover, the proprietor, found it necessary to employ watchmen and policemen to supervise the conduct of the attendants and to prevent improper conduct on their part. Despite this precaution, women of the underworld, women of loose morals, and men of the same caliber, if not worse, congregated there and intermingled with children of tender age and associated with the decent people who, without knowledge, attended the dances.

The evidence here discloses that fights frequently occurred in the hall and on the stairway leading thereto, profanity was frequently heard, whisky was constantly being used by the attendants, and some were found drunk in and around the premises, and upon the floor of the hall and in this condition attempted to and did dance with the other attendants.

It is but fair to say that, under the evidence, Mr. Hoover intended to operate this place in a proper manner, but it is clearly shown that he did not do so.

Section 4250 of the Revised Laws of 1910 provides that—

"A nuisance consists in unlawfully doing an act or omitting to perform a duty, which act or omission offends decency."

While we cannot say that a public dance hall is per se a public nuisance, yet we can say that under this evidence the operation of this place in the manner shown by this evidence was sufficient to justify the law in abating it.

We think, however, that the order or injunction granted in this case should be modified so as to confine same to the place in controversy, and the same is accordingly done; but the judgment in all other respects is affirmed.

By the Court: It is so ordered.